# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RANGER MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 2072 |
| v. | ) |
| | ) |
| DUPAGE COUNTY, ET AL., | ) Judge Thomas M. Durkin |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Ranger Miller sues defendants DuPage County, John Zaruba (Sheriff of DuPage County), and a number of "officer defendants" (Lieutenant J. Prosper, Sergeant Brian Stuckey, Sergeant Jodi Ritter, Deputies Sean M. Blase, Keven Keith, Deborah DeYoung, Paul Dante, Steve Messina, Corporatal Quinna Odom, and other unknown deputies) for deliberate indifference under 42 U.S.C. § 1983. Miller also sues defendant Rashawondyar Gaines for aggravated battery. Currently before the Court is DuPage County and Zaruba's motion to dismiss Miller's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8. R. 11. For the following reasons, the Court grants DuPage County and Zaruba's motion and dismisses Miller's complaint without prejudice.

## Background

Miller's well-pleaded factual allegations are presumed true for purposes of deciding this motion to dismiss. *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). On June 30, 2017, Miller was awaiting trial on charges of burglary of a bicycle in

DuPage County Jail. *R.* 1 ¶ 5. The officer defendants were serving as correctional officers that day in the division where Miller was held. *Id.* ¶¶ 10-12.

After breakfast on June 30, Miller was administered a medication and then returned to his cell to sleep, requesting that his cell door be closed. *Id.* ¶ 15. While he was sleeping, unidentified "Defendants allowed the door to open at which time [defendant] Gaines"—another inmate being held for armed robbery and firearm possession—"entered and began violently slashing and cutting" Miller. *Id.* ¶¶ 17, 19. Miller's calls for help went unanswered. *Id.* ¶ 20. He "suffered severe cuts to his neck, cheeks, head and arms before Gaines left." *Id.* As Gaines left, Miller went to his cell door and screamed for help, but no one responded. *Id.* ¶ 21.

Miller alleges that unidentified "Defendants" allowed Gaines access to shaving blades on the morning of June 30, and then failed to account for the return of the blades. *Id.* ¶ 18. Miller further alleges that Gaines returned from the gym under the control of defendant Blase on the morning of June 30. *Id.* ¶ 16.

Miller sued defendants in a three-count complaint in March 2018. In Count I, Miller alleges that by failing to account for the return of the shaving blades, failing to segregate Gaines as a violent threat, and failing to secure Miller after his request to be locked in his cell to sleep, "the defendants" acted "with deliberate indifference to, and with a conscious disregard for, the rights, safety and welfare of [Miller] and thereby constituted a deprivation of the rights of [Miller] guaranteed to him while in the custody and under the control of the Defendants in violation of the rights and privileges provided by the Constitution and the laws of the United States." *Id.* ¶ 24.

In Count II, Miller seeks to hold DuPage County liable for indemnification. *Id.* ¶ 42. In Count III, Miller seeks to hold Gaines liable for aggravated battery. *Id.* ¶ 46.

DuPage County and Zaruba returned waivers of service in March 2018. R. 6, 7. None of the officer defendants has been served. In May 2018, DuPage County and Zaruba moved to dismiss. R. 11.

**Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *E.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give defendant "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). In applying this standard,

the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**Discussion**

DuPage County and Zaruba's motion to dismiss argues that Count I does not set forth a plausible claim under *Twombly* and *Iqbal*. They rely on *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), where the Seventh Circuit explained that under *Twombly* and *Iqbal*, a plaintiff must "put defendants on notice of what exactly they might have done to violate" the plaintiff's rights and "connect specific defendants to illegal acts." *Id.* at 580, 582. The Court agrees with DuPage and Zaruba that like the due process claim in *Brooks*, Count I is "too vague to provide notice to defendants of the contours of [Miller's]" claim. *See id.* at 581-82.

Miller lumps all defendants—including the officer defendants, DuPage County, and Zaruba—together in Count I. Miller does not identify whether he is suing Zaruba or the officer defendants in their individual capacities or in their official capacities. And this distinction matters because official capacity claims under § 1983 may proceed only under a theory of liability set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 594 (1978); *see Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) ("[a]n official capacity suit is tantamount to a claim against the government entity itself" that can proceed only under a *Monell* theory).

In addition to this threshold vagueness issue, Miller has not stated a claim in Count I regardless of whether he is suing the individual defendants in their official or individual capacities. To proceed on an official capacity *Monell* claim (as his

4

motion to dismiss response indicates that he intends to do), Miller must plausibly allege:

> (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Id.*

As DuPage County and Zaruba point out, Miller's complaint makes no express policy or widespread practice allegations supporting *Monell* liability. It is not sufficient for Miller to say, as he does in response to the motion to dismiss, "that discovery in this matter will help establish these policies." R. 20 at 3. Nor can the Court "infer certain policy violation[s]" by defendants based on the facts as pleaded. *Id.* at 2-3. In his motion to dismiss response, Miller asks the Court to infer that defendants are liable in their official capacities not based on municipal policies or widespread practices, but for "failure[s]" or "violat[ion]" of unidentified "policies" based on unidentified defendants' "reopening and leaving open [Miller's] cell door" and allowing Gaines to have access to a razor blade. *Id.* at 2. Official capacity defendants "cannot be held liable solely on the grounds of respondeat superior." *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015). The inferences Miller asks the Court to draw concern "misbehavior of one or a group of officials" rather than "policy, customs, or practices of the institution as a whole." *See id.*

Miller also has not stated individual capacity claims against defendants in Count I. Individual-capacity liability under § 1983 requires a defendant's personal

5

involvement in the alleged constitutional violation. *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003). An officer can be individually liable for deliberate indifference to the safety and welfare of a pre-trial detainee under the Due Process Clause only where he or she "was aware of a substantial risk of serious injury to [the plaintiff] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman*, 495 F.3d at 857; *see also, e.g., Everett v. Baldwin*, 2016 WL 8711476, at *6 (N.D. Ill. Jan. 15, 2016) ("In individual-capacity suits, deliberate indifference requires more than negligence; an official must know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. So a prison official cannot be individually liable if he was not actually subjectively aware of that risk, even if he should have been aware of a risk that harm would befall an inmate."). Here, Miller does not plead facts supporting personal involvement and subjective awareness of risk on the part of each individual defendant. He must do so to proceed against them in their individual capacities in an amended complaint.

In sum, the Court agrees with DuPage County and Zaruba that "[w]ithout more," the allegations in Count I "are too vague to provide notice to defendants of the contours" of Miller's claim. *See Brooks*, 578 F.3d at 581-82. Miller must clarify which defendants he is suing in which capacity, and if he seeks to hold defendants liable in their official capacities, he must plead a viable *Monell* claim. If he seeks to hold defendants liable in their individual capacities, he must plead facts plausibly

6

supporting their personal involvement, and he must plead that they were subjectively aware of a substantial risk of injury to Miller. Because Miller has failed to do this, the Court dismisses his deliberate indifference claim in Count I without prejudice.

Without the deliberate indifference claim in Count I, Miller's claim in Count II for indemnification by DuPage County necessarily fails. *E.g.*, *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 947-48 (7th Cir. 2003) (County is liable for indemnification of Sheriff sued in his official capacity and is an indispensable party so long as the Sheriff remains in the suit). And without any remaining federal claims, this Court declines to exercise supplemental jurisdiction over Miller's state law aggravated battery claim against Gaines in Count III. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *Winfield v. Mercy Hosp. and Med. Ctr.,* 591 Fed. App'x 518, 520 (7th Cir. 2015) ("A district court may decline to exercise supplemental jurisdiction, and the presumption is that the court will do so if all federal claims have been dismissed before trial."). The Court therefore dismisses Miller's complaint without prejudice based on the deficiencies identified above.

**Conclusion**

For these reasons, the Court grants DuPage County and Zaruba's motion to dismiss Miller's complaint [11] without prejudice. If Miller believes he can cure the deficiencies identified in this opinion, he may file a motion for leave to file an

amended complaint on or before August 27, 2018. The motion should attach a redlined comparison between the complaint and the amended complaint, and it should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Should Miller choose to file such a motion, defendants should not respond unless ordered to do so by the Court.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: August 8, 2018