# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RANGER MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 2072 |
| v. ) | |
| ) | |
| DUPAGE COUNTY, ET AL., ) | Judge Thomas M. Durkin |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On March 21, 2018, Plaintiff Ranger Miller, through counsel, sued defendants DuPage County, John Zaruba (Sheriff of DuPage County), and a number of "officer defendants" (Lieutenant J. Prosper, Sergeant Brian Stuckey, Sergeant Jodi Ritter, Deputies Sean M. Blase, Keven Keith, Deborah DeYoung, Paul Dante, Steve Messina, Corporal Quinna Odom, and other unknown deputies) for failing to protect Miller from another inmate who attacked him with a shaving blade. R. 1. On August 8, 2018, this Court granted defendant DuPage County and Zaruba's motion to dismiss Miller's complaint, R. 11, without prejudice. R. 24. On September 17, 2018, Miller filed an amended complaint, R. 29, which the Court struck and dismissed shortly thereafter. R. 34. Currently before the Court is Miller's motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e). R. 35. In his motion, Miller seeks leave to file a second amended complaint before this Court changing his theory of the case based on newly-discovered evidence. *Id.* Because Miller cannot satisfy the requirements of Rule 59(e), the Court denies his motion.

## Background

The Court assumes familiarity with the allegations in Miller's complaint and amended complaint and the law set forth in its two prior opinions dismissing them, but reviews them briefly here for completeness. R. 24; R. 35. The Court's opinion dismissing Miller's initial complaint held that: 1) Miller did not identify in his 42 U.S.C. § 1983 deliberate indifference claim whether he was suing Sheriff Zaruba and the officer defendants in their individual capacities or in their official capacities, creating a threshold vagueness issue, R. 24 at 4; 2) Miller had not stated a deliberate indifference claim regardless of whether he was suing these defendants in their official or individual capacities, *Id.* at 4-7; 3) without the deliberate indifference claim, Miller's claim for indemnification by DuPage County necessarily failed, *Id.* at 7; and 4) without any remaining federal claims, the Court would not exercise supplemental jurisdiction over Miller's state law aggravated battery claim against the inmate who assaulted him, *Id.* In concluding that Miller had not stated a claim for deliberate indifference against the defendants in their individual capacities, the Court explained that Miller had "not plead facts supporting personal involvement and subjective awareness of risk on the part of each individual defendant," and that "he must do so to proceed against them in their individual capacities." *Id.* at 6. In its order, the Court gave Miller express permission to, if appropriate, file a motion for leave to file an amended complaint that "attach[ed] a redlined comparison between the complaint and the amended complaint, and [was] supported by a brief of no more than five pages

2

describing how the proposed amended complaint cures the deficiencies in the current complaint." *Id.* at 7-8.

Miller thereafter filed an amended complaint without the required motion, redline or memorandum. R. 29. After the Court reminded him to do so, Miller filed the memorandum and redline, but still did not file an accompanying motion to amend. R. 32; R. 33. In his amended complaint and accompanying memorandum, Miller clarified that he was suing the officer defendants only in their "official capacity" in Count I. R. 32 at 2; 33 ¶ 24. Because Miller's amended complaint continued to suffer from fatal deficiencies identified in the Court's order dismissing the original complaint, the Court struck Miller's amended complaint and dismissed the case without prejudice to Miller bringing any viable state law claims in state court. R. 34. In doing so, the Court explained as it had in its original order that "[a]n official capacity suit is tantamount to a claim against the government entity itself" that can proceed only under a *Monell* theory, and even in his more detailed amended complaint, Miller had not plausibly alleged such a claim, having failed to tie his allegations "to the policy, customs, or practices of the institution as a whole." *Id.* at 4 (citing *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015)). The Court once again declined to exercise supplemental jurisdiction over Miller's remaining claim plead under state law—this time, a negligence claim against Sheriff Zaruba under Illinois Counties Code, 55 ILCS 5/3-6016. *Id.* at 4-5.

Now, in Count I of his proposed second amended complaint, Miller advances a new theory under Section 1983: that the defendant correctional officers failed in their

3

individual capacities to protect him from his fellow inmate attacker in violation of the Fourteenth Amendment despite that they were aware of the "strong likelihood" of harm by his attacker. R. 37-1 ¶¶ 20-37. Miller's proposed second amended complaint also repeats Count II from his amended complaint, alleging negligence by Sheriff Zaruba.[1]

## Analysis

Federal Rule of Civil Procedure 59(e) provides relief only if a plaintiff either: 1) establishes a manifest error of law or fact; or 2) presents newly discovered evidence. *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). "[I]t is well-settled that a Rule 59(e) motion is not properly utilized to 'advance arguments or theories that could and should have been made before the district court rendered a judgment." *Id.* at 512 (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *see also Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009) (A party filing a Rule 59(e) motion "has a hard row to hoe, because normally Rule 59(e) motions may not be used to cure defects that could have been addressed earlier.").

Here, Miller alleges in his reply brief that his proposed second amended complaint is founded upon newly discovered evidence "obtained through a FOIA request to the Sheriff's Office after the filing of the initial complaint." R. 45 at 1-2. Miller argues that this information allowed him to plead his new theory against the individual defendants under Section 1983, because it demonstrates their knowledge

---

[1] Miller continues to name DuPage County in his case caption but does not name the County in either Count of his proposed Second Amended Complaint.

4

of his attacker's propensity for violence, and failure to take measures to protect him. *Id.* at 2. But Miller neither indicates when he sent the Freedom of Information Act request, nor when he received a response. The Court notes that, pursuant to statute, a FOIA request for non-commercial purposes must be responded to within 5 business days after its receipt. 5 ILCS 140/3(d). While an extension for certain reasons is possible, the extension is short: FOIA requires a response "not more than 5 business days from the original due date." 5 ILCS 140/3(e). Miller filed his initial complaint on March 21, 2018. R. 1. He filed the current motion on October 25, 2018. R. 1; R. 35. Miller does not allege that DuPage County delayed in its response to his FOIA request or that he otherwise could not have obtained the information upon which he now seeks to rely sooner. Accordingly, the Court is hard-pressed to find a reason to allow him another bite at the apple. Particularly where, as here, he is represented by counsel and has already had two bites—and significant direction from the Court through its two earlier opinions.

Moreover, the Court has concerns about the second amended complaint in any event. The Court has already cautioned Miller but will do so again here that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give defendant "fair notice" of the claim and the basis for it, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Having re-pleaded his deliberate indifference claim against the officers in their individual capacities, Miller purports to state a claim under Section 1983 and the Fourteenth Amendment. However, as this Court has instructed Miller previously, individual-capacity liability under Section 1983 requires a defendant's *personal involvement* in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The Due Process Clause simply does not provide for individual liability for deliberate indifference to the safety and welfare of a pre-trial detainee like Miller *unless* the defendant was "aware of a substantial risk of serious injury to [the plaintiff] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007). Indeed, "a prison official cannot be individually liable if he was not actually subjectively aware of [the risk of harm], *even if he should have been aware* of a risk that harm would befall an inmate." *Everett v. Baldwin*, 2016 WL 8711476, at *6 (N.D. Ill. Jan. 15, 2016) (emphasis added).

Here, Miller alleges that defendant Lieutenant Prosper's investigative report indicated that Miller's attacker "ha[d] shown a willingness to severely injure another inmate," and "made statements prior to being incarcerated about harming law enforcement officers" demonstrating his personal awareness. R. 37-1 ¶ 24. Yet Miller still fails to plead facts supporting the personal involvement and subjective

awareness of risk on the part of any other individual defendant, referring generally instead to what "Defendants" knew, without explanation, and that each was either serving at DuPage County Jail where Miller was being held or were supervisors there, without more. *See* R. 37-1 ¶¶ 21-37.[2] The Court agrees with defendants Zaruba and DuPage County that "being on duty in a jail or being the supervisor in the jail at the time of the injury does not provide a sufficient legal basis for individual liability," and questions the viability of Miller's second amended complaint on that basis. R. 40 at 7.

Finally, Miller's state law negligence claim against Zaruba appears to be barred by the statute of limitations, as the events giving rise to his claim occurred on June 30, 2017, and he did not file that claim until over a year later in September 2018. *See* 745 ILCS 10/8-101(a) ("No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."). Thus, because Miller cannot satisfy the requirements of Federal Rule of Civil Procedure 59(e), and because the Court continues to have doubts about the sufficiency of Miller's proposed pleading in any event, the Court must deny Miller's motion.

---

[2] Moreover, the proposed second amended complaint does not indicate whether Lieutenant Prosper had the information regarding Miller's attacker prior to the attack, or whether it was simply the result of his investigation.

## Conclusion

For these reasons, the Court denies Miller's motion to amend or alter judgment [35].

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: February 20, 2019